FILED

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

2012 AUG 10 PM 1:32

CLERK...

## CIVIL RIGHTS COMPLAINT FORM

Christopher Fenelus #M20279

CASE NUMBER: 3:12-CV-908-J-32MCR
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison number, if applicable)

v.

Carrasquillo, H.L. Sergeant
Bostic, Joshua D. officer
M. Curtis lieutenant

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).
In their Individual capacity under color of state law

### ANSWER ALL OF THE FOLLOWING QUESTIONS:

I. PLACE OF PRESENT CONFINEMENT: Union Correctional Institution
(Indicate the name and location)
7819 N.W. 228th Street Raiford, FL 32026

II. DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes (✓) No ( )

[If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]

DC 225 (Rev. 9/03)                    1

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A. Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

   1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes (✓) No ( )

   2. If so, you must attach a copy of the grievance and response to this Complaint form.

   3. Were you denied emergency status? Yes ( ) No (✓)

       a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes (✓) No ( )

       b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B. Informal Grievance (Request for Interview)

DC 225 (Rev. 9/03)              2

1. Did you submit an informal grievance (Form DC3-005)? Yes ( ) No (✓)

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No (✓)

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes ( ) No (✓)

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes ( ) No (✓)

2. If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _____ day of _____, 2 012 ___.

_Christopher Enelus_
Signature of Plaintiff

DC 225 (Rev. 9/03)                                3

III. **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes ( ) No (✓)

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your institution or jail? Yes ( ) No (✓)

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes ( ) No (✓)

C. If your answer is YES:

   1. What steps did you take? "Not Applicable"

   2. What were the results? "Not Applicable"

   3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D. If your answer is NO, explain why not: "Not Applicable"

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _____ day of _____, 2 _012_ .

_Christopher Zenelus_
Signature of Plaintiff

DC 225 (Rev. 9/03)                                4

IV. **PREVIOUS LAWSUITS:**

A. Have you initiated other lawsuits in <u>state</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

B. Have you initiated other lawsuits in <u>federal</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (✓) No ( )

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1. Parties to previous lawsuit:
   Plaintiff(s): Christopher Fenelus
   Defendant(s): Robert Newell   Charles Williams

2. Court (if federal court, name the district; if state court, name the county): Middle district

3. Docket Number: 3:10-cv-245-J-32JRK

4. Name of judge: Timothy J Corrigan

5. Briefly describe the facts and basis of the lawsuit: Defendants conspire and negligently didn't protect him from other inmates assault who then abuse him using cruel unusual punishment

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?): Case still pending but was closed cause Plaintiff was assaulted when defendants filed motion judge grant Doc 57 to reopen when recover

7. Approximate filing date: March 2010

8. Approximate disposition date: "Not Applicable"

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

Federal Habeas corpus doc#1:2006-cv-22356 which was denied and the case was closed on June 29, 2007 only Informa pauperis but law library failure to issue him copies to send complaint was dismiss without prejudice doc#3:12-cv-00744-MMH-TEM

V. **PARTIES:** In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: Christopher Fenelus

Mailing address: Union Correctional Institution 7819 NW 228th Street Raiford, FL 32026

B. Additional Plaintiffs: "Not Applicable"

In part C of this section, indicate the full name of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: M. Curtis

Mailing Address: Union Correctional Institution 7819 NW 228th Street Raiford, FL 32026

Position: lieutenant

Employed at: Union.C.I department of Corrections

D. Defendant: Bostic, Joshua D.

Mailing Address: Union Correctional Institution 7819 NW 228th Street Raiford, FL 32026

Position: officer

Employed at: Union.C.I department of Corrections

E. Defendant: Carrassquillo, H.L.
Mailing Address: Union Correctional Institution 7819 NW 228th Street Raiford, FL 32026
Position: Sergeant
Employed at: Union C.I. department of Corrections

F. Defendant: "Not Applicable"
Mailing Address:
Position:
Employed at:

G. Defendant: "Not Applicable"
Mailing Address:
Position:
Employed at:

VI. **STATEMENT OF CLAIM**: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

Plaintiff Claims "excessive force" cruel unusual punishment violations of Fla. Stat § 768.28(1)(1981) under Florida Mental Health Act § 394.459(13) Maliciously and sadistically maltreat of unnecessary wanton infliction of pain "18 U.S.C §241: Conspiracy Against Rights and violations of 1 Amendment 14 Amendment 8 Amendment and each defendants are being sued in their individual capacities

VII. **STATEMENT OF FACTS**: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

1. Plaintiff is a state prisoner in close management transitional care unit Defendants officer Bostic Joshua D. Sergeant Carrasquillo, H.L and lieutenant M. Curtis are employed where plaintiff is housed at time of incidents

2. Plaintiff on cause of action was reprisal with conspire act by defendants reason defendants was abusing inmate Bernon Sheftall inside his cell V2106 and told defendants they conduct is prohibit and file grievance log #:1104-213-092 to the Warden office therefore defendants found out and infringe him for statements of witnessing abuse on inmate which they placed conspire empty food trays inside Plaintiff guillotine flap to infiltrate camera like they gave him his meal which for two weeks defendants strave plaintiff on Remedies #:1104-213-118:1104-213-193:1104-213-210 on defendants therefore was starving him for weeks which grievances written listed was reported into Warden inspector generals office on log #:1104-213-193 was written when they are cell front

of current cell V2102 the time of incident and how conspiracy infringement
3. him and reason of defendants cruelty cause witness of abuse on another prisoner Bernon Sheftall on 4-2-11 log#:1104-213-092, that cause defendants aggressive belligerent hostile against him to terrorize him in fear not to intervene with their authoritarian to abuse inmates and not file grievance to intervene therefor into log# 1104-213-193 is when defendants had their reprisal negligence of empty tray in cell V2102 guillotine flap with juice spilled all over the empty tray and flap which defendants mood swing of conspire stated you
4. got urine in the flap and Plaintiff acknowledge you know that's tea with the empty trays you keep putting in the flap which Warden been confirm and inspector general office of cruelty of straving Plaintiff which omission been unjustice durring current grievance log# 1104-213-193 defendants called lieutenant M. Curtis who Sergeant Carrasquillo was consulting of conspire actions to be taking of abuse which they stated we could have five mother fuckers come in their extraction team and put them boots on your ass and say you said you got a knife then lieutenant stated not today just take pictures and say it was urine to fabricate disciplinary report which on 4-19-11
5. is when Defendants got back to the housing unit after their two days off and fabricated disciplinary report of conspire abuse which say he was non responded and towel on the window while he used the toilet will cover up
6. action then Plaintiff spoke to defendants and said he's using the toilet he'll be done soon then less than two minutes pass door rolled open defendants rampage him by the toilet stole with a shelld five of them and placed him on handcuffs while the other officers Armstrong and Sands held him to the ground with Carrasquillo then Bostic aggressively kicked on his head face numerous then he passed Carrasquillo the guillotine flap lock who Carrasquillo used the lock and hit him on the head face jaws numerous times with aggressiveness and abuse of violent outburst Defendants abuse Plaintiff careless cause reporting them for prohibit misconduct who broke his jaw crack piece of his right tooth and severe swollen face with fractures to the head on grievance log# :11-6-37299 4-19-11 that had him on a Emergency Dental transport into R.M.C. that took three weeks to recover at Reception Medical Center Exhaustion Remedies 4-19-11 log#:11-6-14912:1201-213-150    9.a

log#:1104-213-092, :1104-213-118 :1104-213-210 :1104-213-193 :1202-213-067 Plaintiff has a history of serious psychiatric problems of major depression and Defendants didn't just physically abuse him of constitution also mentally abuse by placing empty trays in his guillotine cell flap therefore food deprivation is cruel unusual punishment and conspire to destroy him with abuse of brutality infringe lieutenant Curtis enforce other Defendants action.   Factual Allegations for his nonfeasance of lieutenant

7. Defendants Carrasquillo have a history of abuse use of force therefore on current year of incident by the month of march Plaintiff witness Defendants conspire the same nonresponsive abuse infringe on inmate David C. Skrtich with negligence of food deprive not feeding with empty trays and placing a screen infront of his cell V3105 then fabricated nonresponsive rolled his cell door open rampage and brutally beat into outside hospital which plaintiff had filed grievance against them for infringement therefore the Warden failure to discipline which encourage and cover up abuse with the failure of inspector general to interview plaintiff which defendants and officers at Union C.I continue to aggressive abuse inmates and fabricate disciplinary report knowing their action of abuse wasn't to maintain order but to torture psychiatric inmates and Plaintiff with such acts which used on remedies Florida department of corrections are authorized to use a variety of types of force where circumstances warrant, including hands on physical force, chemical agents electronic immobilization devices, batons, and specialty munitions, as described in Rule-33-602.210(5)(a)(6) F.A.C not coporal punishment is a unwritten prohibit infringement that Union C.I officers are permitted and are encourage to infringe inmates with corporal punishments using locks Handcuffs legirons radios with other devices to abuse inmates and killed numerous inmates in the past four years despite the fact that defendants and correctional officers at Union C I used and distributed illegal steriods which increase aggression and can cause anger management problems of steriods which experience effect such as extreme mood swings, feelings of extreme confidence and invincibility, delusions, extreme irritability, violent outbursts, impaired judgment, and depression, all increase

9.b risk to harm Plaintiff and inmates. Plaintiff exhausted Remedy on 4-19-11 log#11-6-14912 and numerous grievances for cause of action been referred to Inspector general who omission

VIII. <u>RELIEF REQUESTED</u>: State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

Plaintiff therefore Request declaratory relief 1. Compensatory damages $50,000 each defendants 2. Punitive damages $50,000 each defendants 3. Premanent damages $50,000 each defendants 4. Proximate damages $50,000 each defendants 5. declaratory relief of right to be free from cruel unusual punishment and injunctive relief to recover Plaintiff broken teeth food deprivation of starving him and Mental depression

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this _____ day of _____, 2 0l2 .

*Christopher Fenofu*
DC# M20279

_____

(Signatures of all Plaintiffs)