```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION


CHRISTOPHER FENELUS,

              Plaintiff,

v.                                      Case No. 3:12-cv-908-J-32MCR

SERGEANT H. L.
CARRASQUILLO, et al.,

              Defendants.
```

### ORDER

1.  Plaintiff, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983. Because Plaintiff has failed to set forth his claim(s) adequately, he will be required to file an amended complaint.

In amending, Plaintiff must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in Section V(C)-(G) of the civil rights complaint form.

In the section entitled "Statement of Claim," Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated. It is improper for Plaintiff to

merely list constitutional rights or federal rights. Plaintiff must provide support in the statement of facts for the claimed violations.

Further, in the body of the complaint in the section entitled "Statement of Facts," Plaintiff should clearly describe <u>how</u> <u>each</u> <u>named</u> <u>Defendant</u> is involved in the alleged constitutional violation(s). Plaintiff must provide support in the statement of facts for the claimed violations. Plaintiff should note that in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. <u>See</u> <u>L.S.T., Inc., v. Crow</u>, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); <u>Fullman v. Graddick</u>, 739 F.2d 553, 556-57 (11th Cir. 1984). Plaintiff must also allege how he has been damaged (how he was harmed or injured by the actions and/or omissions of the Defendants).

The **Clerk** shall send Plaintiff a civil rights complaint form. To amend his Complaint, Plaintiff should completely fill out the new civil rights complaint form, marking it "Amended Complaint." The amended complaint must include all of Plaintiff's claims in this action; it should not refer back to the original Complaint. After completing the new form, Plaintiff should mail it to the Court with a <u>copy</u> <u>for</u> <u>each</u> <u>Defendant</u>.

Plaintiff shall file his amended complaint as described above **on or before September 14, 2012.** Plaintiff's failure to file the

amended complaint and/or failure to submit one copy of the amended complaint for each named Defendant will result in the <u>dismissal</u> of this action without further notice for Plaintiff's failure to prosecute under Local Rule 3.10(a).

    2.   Plaintiff's Affidavit of Indigency (Doc. #2), construed as a motion to proceed <u>in forma pauperis</u>, is **DEFERRED** until Plaintiff submits additional financial documentation. Accordingly, the **Clerk** shall send a Prisoner Consent Form and Financial Certificate to Plaintiff. Plaintiff, **on or before September 14, 2012**, shall **either** file a fully completed Prisoner Consent Form and Financial Certificate (if Plaintiff desires to proceed as a pauper) **or** pay the $350.00 filing fee (if Plaintiff does not desire to proceed as a pauper). Failure to do so or to explain noncompliance within the allotted time will result in the **dismissal** of this action **without further notice**.

    **DONE AND ORDERED** at Jacksonville, Florida, this 13th day of August, 2012.

*[signature]*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

ps 8/13
c:
Christopher Fenelus

3